**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CANDIDO PAXTOR CHAVEZ,<br>Petitioner,<br>v.<br>JEREMY CASEY, *et al.*,<br>Respondents. | Case No. 26-cv-04637-BAS-JAC<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 6)** |

Petitioner Candido Paxtor Chavez filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was released into the United States. (ECF No. 6.) Petitioner asks this Court to order his immediate release subject to the conditions of his preexisting release. (*Id.*) Alternatively, Petitioner asks for a bond hearing pursuant to the Ninth Circuit's latest decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). (*Id.*) The Government has no opposition to the request for a bond hearing but is silent on the issue of immediate release. (ECF No. 8.) For the reasons stated below, the Court **GRANTS** the Amended Petition and orders immediate release.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Guatemala, came to the United States in 2021 as a 14-year-old, seeking asylum. (ECF No. 6.) He was placed with the Office of Refugee Resettlement ("ORR") and then released to his uncle in the United States. (*Id.*) In October 2025, Immigration and Customs Enforcement ("ICE") re-arrested Petitioner with no explanation as to why his release was revoked and no opportunity to challenge the decision. (*Id.*) Petitioner requests immediate release subject to the conditions of his previous release. (*Id.*) Alternatively, Petitioner seeks a bond hearing pursuant to *Rodriguez Vazquez*. (*Id.*) The Government does not oppose a bond hearing but fails to address the request for immediate release. (ECF No. 8.)

## III. ANALYSIS

As a preliminary matter, *Rodriguez Vazquez* applies to non-citizens arrested in the interior of the United States. 183 F.4th at 1165. Petitioner was arrested at the border, so the case is inapplicable to him.

However, Petitioner's re-detention without notice or an opportunity to be heard, and without noticeable changed circumstances, violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*,

411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because ICE released Petitioner upon finding he was not a flight risk or a danger to the community in 2021, and because there is no evidence that those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Amended Petition.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

> The Court **ORDERS** that Candido Paxtor Chavez (A# 220-123-350) be released on the same terms and conditions as he was previously released in 2021.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: September 3, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**